## DeAngelo Estate

*Thomas B. Rutter,* for petitioner.
*John H. Thomas,* for respondent-executor.
*S. John Price Jr.,* for respondent-bank.

McCLOSKEY, *P.J.,* May 18, 1991—Pursuant to 42 Pa.C.S. §7535 Louis DeAngelo and Thomas B. Rutter, Esq., have filed a petition wherein Louis DeAngelo seeks confirmation of title to a certain

bank account, and Thomas B. Rutter, Esq., seeks payment from said account of outstanding legal fees due to him by Mr. DeAngelo. Thomas Urbanavage, executor of the estate of Helen DeAngelo, deceased, opposes the instant petition. Memoranda of law have been filed and hearing held. The matter is ripe for disposition.

## FINDINGS OF FACT

(1) Helen DeAngelo died April 17, 1989, as the result of a stabbing inflicted by her husband, petitioner Louis DeAngelo, who was subsequently convicted upon a plea of guilty to the charge of third-degree murder of his wife.

(2) The decedent was survived by her husband, Louis DeAngelo, and several adult children.

(3) The decedent died testate, and her will dated May 17, 1977, was duly admitted to probate before the Register of Wills of Schuylkill County on January 7, 1991, and on that date letters testamentary were issued to Thomas Urbanavage, a natural son of the decedent.

(4) The decedent and her widower owned savings account no. 0778-00834 of the Pennsylvania National Bank and Trust Company. This account is the subject of the instant action.

(5) Decedent's will contained, in pertinent part, the following:

"*Third:* All the rest, residue and remainder of my estate, real, personal or mixed, I give, devise and bequeath to my husband, Louis J. DeAngelo, his heirs and assigns, conditioned, however, that in the event of his death in my lifetime, or in the event of his death within a period of 30 days after my death, the said devise and bequest of residue shall lapse or be divested and in either event, I then give, devise

and bequeath the residue of my estate in equal one-fifth shares to my son Michael Urbanavage, my son Thomas Urbanavage, my son Walter Urbanavage, my daughter, Bonnie DeAngelo and my daughter Louise DeAngelo, their heirs and assigns forever. I declare it to be my intention that should my husband, Louis J. DeAngelo, be living at the expiration of 30 days from the date of my death, the estate hereby devised and bequeathed to him shall vest in him absolutely.''

## DISCUSSION

At paragraph no. 3 of their petition Messrs. DeAngelo and Rutter style the subject account as "a certain joint savings account." However, petitioners' exhibit no. 2, a photocopy of the account contract/signature card, bears the legend "if the depositors are man and wife they hold this account as tenants by the entireties." The record is devoid of any credible evidence to support petitioners' contention that the subject account should be treated as the sole property of Mr. DeAngelo. The status of the subject account is controlled by section 8805 of the Probate, Estates and Fiduciaries Code:

"One-half of any property held by the slayer and the decedent as tenants by the entirety shall pass upon the death of the decedent to his estate, and the other half shall be held by the slayer during his life, subject to pass upon his death to the estate of the decedent."

The application of the Probate, Estates and Fiduciaries Code to the instant action directs that one-half of the subject account belongs to decedent's estate and that the other half shall be held by Mr. DeAngelo during his lifetime. Mr. DeAngelo shall receive the income from this portion during his

lifetime. The principal awarded to Mr. DeAngelo shall be maintained intact and shall pass to decedent's estate upon Mr. DeAngelo's death. *Harty Estate,* 10 Pa. Fiduc. 2d 348, 355 (1990).

The brazen attempt of slayer to use the proceeds of an entireties account to pay his counsel fees in the defense of the charge of his wife's murder must fail. He cannot be allowed to profit from this grievous wrong. *Drumheller v. Marcello,* 516 Pa. 428, 532 A.2d 807 (1987); *In re Estate of Larendon,* 439 Pa. 535, 266 A.2d 763 (1970).

## CONCLUSIONS OF LAW

(1) The court has jurisdiction over this estate and the parties in interest.

(2) Louis DeAngelo was a slayer, as that term is defined by section 8801 of the Probate, Estates and Fiduciaries Code, of his wife, the decedent, Helen DeAngelo, and, as such, he may acquire no property or benefit as the result of her death.

(3) One-half of the funds in savings account no. 0778-00834 at the Pennsylvania National Bank belongs to decedent's estate. The other half may be held by Louis DeAngelo, who may receive only the interest during his lifetime, and passes to the decedent's estate upon his death.

(4) The residue of decedent's testamentary estate is distributable to her heirs at law.

## DECREE NISI

And now, May 10, 1991, at 7:03 p.m., upon consideration of the pleadings and memoranda of counsel and after hearing, it is hereby ordered that Louis DeAngelo shall acquire no property or receive no benefit as the result of his slaying of Helen

16

DeAngelo. Thomas Urbanavage, the executor of the estate of Helen DeAngelo, deceased, shall receive, for credit to the estate, one-half of the funds in saving account no. 0778-00834 at the Pennsylvania National Bank formerly held by Helen DeAngelo and Louis DeAngelo as tenants by the entireties. The executor shall deposit the other one-half of said account in a federally insured institution in an account in the name of Louis DeAngelo, captioned "principal to be withdrawn only after death of Louis DeAngelo by the estate of Helen DeAngelo." The income, if any, of said account less any expenses or bank charges to said account shall be paid to Louis DeAngelo.

Unless exceptions are filed within 10 days of notice hereof, this decree shall be a final decree.